■ GERALD J. OTIS, Individually and as Parent and Natural Guardian of KEVIN OTIS, an Infant, Respondent, v ALICE HYDE HOSPITAL ASSOCIATION et al., Defendants, and ROBERT A. HENDERSON et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Duskas, J.), entered December 3, 1986 in Franklin County, which denied a motion by defendants Robert A. Henderson and David P. Gorman to compel the taking of a blood sample.

This action is for medical malpractice resulting from treatment rendered to the infant at birth on July 28, 1976 which allegedly occasioned catastrophic injuries, including severe brain damage. This appeal focuses on the efforts of defendants Dr. Robert A. Henderson and Dr. David P. Gorman (hereinaf-

ter defendants) to compel the infant and his mother, Mary Otis, to submit blood samples for chromosome analysis *(see,* CPLR 3121 [a]). Pursuant to court order, a blood sample was taken from both the infant and mother on February 10, 1986. Due to an apparent mailing delay, the samples spoiled and rendered the ensuing tests unreliable. On June 27, 1986, defendant's motion to compel another blood test was granted, with the proviso that defendants were to make "appropriate arrangements for blood samples to be taken at the home of the infant * * * and his mother by a duly qualified professional at a mutually convenient time". While the parties set a testing date for August 22, 1986, plaintiff's attorney did not provide defendants with directions to the Otis home in the Village of Malone, Franklin County. Instead, on August 20, 1986, defendants were simply given authorization to telephone the Otis home. Defendants relayed this information to Carlos Madan, a qualified professional retained to take the necessary blood samples, but Madan was unable to communicate with the Otises until August 25, 1986. At this juncture, the infant and his mother refused to submit to a blood test. Thereafter, Supreme Court denied defendants' further motion to compel, finding that defendants' efforts to complete the test were less than sincere and that further testing would be unduly onerous on the Otis family. This appeal ensued.

We reverse. In our view, the failure to complete the testing on August 22, 1986 was more of a communication problem than a deliberate attempt on defendants' part to further delay this matter. It was incumbent on both parties to cooperate in complying with Supreme Court's June 27, 1986 directive authorizing further testing "at a mutually convenient time". The failure of plaintiff's attorney to provide appropriate directions to the Otis home was unwarranted, particularly since the record confirms that they were in communication with their client two days before the scheduled test. Although we fully recognize that Supreme Court enjoys broad discretion in supervising disclosure *(see, Bloss v Ford Motor Co.,* 126 AD2d 804, 805), under the circumstances presented we find that defendants are entitled to conduct a further blood test. To avoid further delay and inconvenience, the test should be performed in accordance with the court's June 27, 1986 directive within 20 days after service of a copy of the order to be entered upon this decision with notice of entry.

Order reversed, on the facts, without costs, motion granted and parties are directed to comply with Supreme Court's June 27, 1986 directive within 20 days after service of a copy of the

order to be entered upon this decision with notice of entry. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.