BUTLER MANUFACTURING CO., INC. et al., Plaintiffs,

v.

AMERICOLD CORPORATION, et al., Defendants.

Nos. 92–2118–JWL, 92–2354, 92–2355, 92–2361, 92–2375, 92–2397, 92–2427, 92–2429, 92–2458 and 93–2024.

United States District Court, D. Kansas.

April 1, 1993.

Kip A. Kubin, Mark D. Hinderks, Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, KS, David S. Evinger, Andrew W. Horstman, Martin R. Lueck, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Butler Mfg. Co., Inc., Associated Wholesale Grocers, Inc., Allendale Mut. Ins. Co.

Paul H. Niewald, Niewald, Waldeck & Brown, Lynn W. Hursh, Douglas R. Richmond, Robert G. Rooney, Armstrong, Teasdale, Schlafly & Davis, James S. Kreamer, Baker, Sterchi & Cowden, Mary M. Kenney, William H. Sanders, Floyd R. Finch, Jr., Katharine S. Bunn, Brian J. McGrath, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, James M. Yeretsky, Patrick J. Doran, Niewald, Waldeck & Brown, Overland Park, KS, for Americold Corp., Americold Services Corp.

Richard C. Wallace, Evans & Mullinix, P.A., Lenexa, KS, for Magnolia Beef Intern.

Michael F. Saunders, J. Bradley Leitch, Spencer, Fane, Britt & Browne, Kansas City, MO, for Jianas Bros. Packaging Co.

Robert A. Babcock, Phillip C. Rouse, James S. Kreamer, Baker, Sterchi & Cowden, Kansas City, MO, Julius Denenberg, Charles R. Tuffley, Todd B. Denenberg, Denenberg, Tuffley & Jamieson, Southfield, MI, for Starting Right Co., Atlantic Mut. Ins. Co., Allianz Ins. Co., St. Paul Fire and Marine Ins. Co., J.C. Benage, President, Dennis A. Brown, Lawrence H. Kruse, President, James W. McKinney, President, Erwin Oetting, Jr., President, John F. Peterson, Robert A. Yeckel.

Richard N. Bien, James A. Durbin, Swanson, Midgley, Gangwere, Clarke & Kitchin, William J. Gotfredson, Edward J. Barbosa, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Clarke & Kitchin, Overland Park, KS, for Safeway, Inc.

Edward J. Barbosa, Knipmeyer, McCann, Smith, Manz & Gotfredson, Edward L. Smith, Kansas City, MO, for Fleming Companies, Inc., Pierce Trading Corp., Twin City Foods, Inc., Midland Foods Distribution, Inc., Kemper Lloyd's Ins. Co., Institute of London Underwriters, Lloyd's of London.

F. Carlton King, Jr., Chad A. Shultz, Ford & Harrison, Atlanta, GA, Michael R. Lawless, Mission, KS, for Meyners–Robinson Co., Inc.

Margaret A. Gallagher, Andrew K. Haynes, Sinclair, Sawyer, Thompson & Haynes, P.C., Kansas City, MO, Gary E. Cripe, Catherine M. Graham, Cripe & Graham, Upland, CA, for Earth Elements Inc. dba Nature's Recipe Pet Foods, A California Corp.

Daniel Q. Harrington, Cozen and O'Connor, Philadelphia, PA, Margaret A. Gallagher, Sinclair, Sawyer, Thompson & Haynes, P.C., Kansas City, MO, for Fireman's Fund Ins. Co.

Michael Hufft, Steven J. Quinn, Merrick, Baker, Fox, Hufft & Strauss, Ronald L. Holt, Todd P. Graves, Bryan Cave, Kansas City, MO, Thomas J. Bath, Jr., Bryan Cave, Overland Park, KS, for Food Barn Stores, Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On March 8, 1993, the court held a hearing on three related matters: the motion of plaintiffs Fleming Companies, Inc., et al., to compel production of a recorded statement of Richard Rentz ("Rentz") (doc. # 136); the motion of ReTurn, Inc., for protective order (doc. # 145); and the motion of plaintiff Earth Elements, Inc. to compel ReTurn, Inc., to produce Rentz's statement (doc. # 150). Mr. Rentz is part-owner and vice-president of ReTurn, Inc. That corporation operated a business at 6500 Inland Drive, Kansas City, Kansas, with space leased from defendant Americold Corporation.

This dispute arose during the deposition of Rentz when the witness referred to a recorded statement he had given to a cause and origin investigator for Americold on January 2, 1992. The day before the deposition, lawyers from ReTurn Inc., had requested a copy of the statement from Americold's counsel pursuant to Fed.R.Civ.P. 26(b)(3). Americold's lawyers provided it to counsel for ReTurn, Inc. pursuant to that request.

At that deposition, plaintiffs' lawyer demanded a copy of the statement from both Americold's counsel and attorneys for ReTurn, Inc. Both refused to produce the statement, claiming Americold's work product privilege. Thereafter, plaintiff Earth Elements, Inc., served a subpoena upon ReTurn, Inc., seeking production of the statement. ReTurn, Inc., moved for protective order, and plaintiffs moved to compel production of the statement from ReTurn, Inc., and from Americold.

For the reasons set forth below, the court, at the telephone hearing, denied the motions filed by Fleming Companies, et al. (doc. # 136) and by Earth Elements, Inc. (doc. # 150) and granted the motion filed by ReTurn, Inc. Because the issues involved in these motions could resurface in this potentially protracted litigation, this court has chosen to set out its reasoning, in short form, in this memorandum and order, admittedly borrowing liberally from the defendant's proposed draft order.

■ The court concludes that the Rentz statement is clearly the work product of Americold because it was taken in anticipation of litigation. The court rejects plaintiffs' argument that the statement is not work product because Rentz feels he may have been misled into giving the statement or because the questioner may not have specifically informed Rentz the statement was being taken in anticipation of litigation. Plaintiffs have cited no authority, and the court has found none, holding that misrepresentation as to the purpose of taking the statement invalidates work product immunity or that a questioner must state that a statement is being taken in anticipation of litigation before work product attaches. The plain language of Fed.R.Civ.P. 26(b)(3) contains no such implication and plaintiffs' argument that the statement is not work product because the witness felt he was "led to believe" that the purpose for taking his statement was merely to assist in fighting the fire is without merit.

■ Even though the statement is clearly work product, the question arises whether the immunity was waived either by Americold furnishing a copy to Rentz's lawyer or failing to include it on Americold's initial privilege log. The court concludes that Americold did not waive its work product protection by providing Rentz's lawyer with a copy of his statement pursuant to Rule 26(b)(3). *See In re Convergent Technologies Second Half 1984 Securities Litigation,* 122 F.R.D. 555, 564–65 (N.D.Calif.1988) (work product protection attached to a non-party statement remains valid under Fed.R.Civ.P. 26(b)(3) even though the witness requests and receives a copy of the statement). See also Wright & Miller, Federal Practice and Procedure: Civil § 2024 (1970).

Moreover, the court is not willing to hold that failure to list the statement on the privilege log constituted a waiver. Failure to list is certainly a factor that the court considered, but, in light of the vast quantity of documents involved and all of the other factors militating against compelling disclosure, the court does not consider it determinative.[1]

■ Plaintiffs forcefully contend that, irrespective of word product analysis, the statement should be produced pursuant to Fed. R.Evid. 612, which provides in pertinent part that if a witness uses a writing to refresh his or her memory for the purpose of testifying, an adverse party is entitled to have the writing produced under certain circumstances. Rule 612 requires that a party meet three conditions before it obtains documents used

---

1. However, the court did indicate a different attitude toward the revamped deadlines for filing privilege lists which it set at the telephone conference. It will deem a failure to list on these logs a waiver absent a compelling explanation which goes beyond the mere volume of documents or human oversight. The court is trying to expedite the handling of this case with an eye on economy of litigation costs for all parties and it is important for the parties, themselves, to "fish or cut bait" on the procedural issues as these deadlines occur.

by a witness prior to testifying: (1) the witness must use the writing to refresh his or her memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice. *See also Sporck v. Peil,* 759 F.2d 312, 317 (3d Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). A showing must be made that the document actually influenced the witness' testimony. *Id. See also* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein on Evidence,* para. 612[01] (1992).

At the deposition of Rentz, the witness was asked only cursorily about refreshing his recollection by use of the statement. Although he answered in the affirmative, it is clear in context that he was neither called upon to explain the extent or scope of the refreshing, nor did he undertake on his own initiative to describe the same. The court believes that a party must delve more thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document where existence is uncovered in connection with a deposition. Nonetheless, the court has reviewed Rentz's statement *in camera,* as well as his deposition testimony and his affidavit attached in support of Americold's memorandum in opposition, in which he states that he did not use the statement to refresh his memory as to the matters on which he testified at his deposition. After reviewing Rentz's statement and the deposition, the court finds that nothing in the recorded statement contradicts Rentz's affidavit. Rentz's deposition testimony is much more extensive concerning the subject matter on which he testified than is his recorded statement nor does there appear to have been any unfair advantage gained by use of the statement which would open the door to disclosure per the policy underlying Rule 612.

In order to be entitled to production of the statement, the court also believes that Judge Weinstein's analysis that a party must show substantial need and inability to obtain the equivalent discovery through other methods, such as deposition testimony, is sound in these circumstances. *See Weinstein, surpa.* Rentz appeared for his deposition and of-fered testimony which was much more substantial and extensive concerning the subject matter on which he was questioned than that contained in his statement. Accordingly, plaintiffs cannot show "substantial need" and "inability to obtain the substantial equivalent" in the sense of pure discovery because the witness was deposed and was able to answer the questions from memory. Moreover, the court's *in camera* review persuades it that there is no reasonable basis to conclude that the document is needed for impeachment, either because of concerns for undue witness coaching or other "risk of imposition and the need of safeguards". See Fed.R.Evid. 612 advisory committee's note.

**IT IS THEREFORE ORDERED** that plaintiffs Fleming Companies, Inc., et al.'s motion to compel production of the recorded statement of Richard Rentz (doc. # 136) is denied;

**IT IS FURTHER ORDERED** that the motion of ReTurn, Inc., for protective order (doc. # 145) is granted;

**IT IS FURTHER ORDERED** that plaintiff Earth Elements, Inc.'s motion to compel ReTurn, Inc., to produce the recorded statement of Richard Rentz (doc. # 150) is denied.

**IT IS FURTHER ORDERED** that Americold shall serve its final privilege list on or before March 15, 1993. All plaintiffs, except Hartford Casualty Insurance and QHC, Inc., shall serve their privilege lists on or before March 31, 1993. Hartford and QHC shall serve their privilege lists within 15 days after serving their responses to defendants' opening discovery. The failure by any party to include a document on such privilege list shall constitute a waiver of the claimed privilege or immunity absent a compelling explanation.