**AUDIOTEXT COMMUNICATIONS NETWORK, INC., et al.,**
Plaintiffs,

v.

**US TELECOM, INC., d/b/a Sprint Telemedia, f/k/a Sprint Gateways,**
Defendant.

Civ. A. No. 94–2395–GTV.

United States District Court,
D. Kansas.

Jan. 4, 1996.

---

John R. Loss, Field, Gentry & Benjamin, P.C., Kansas City, MO, Martin H. Samson, Bruce Turkle, Guy E. Owen, Phillips, Nizer, Benjamin, Krim and Ballon, New York City, Ronald J. Marlowe, Fowler, White, Burnett, Hurley, Banick and Stickroot, P.A., Miami, FL, William Jarblum, James Turken, Amy Rubinfeld, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Audiotext Communications Network, Inc., and Connections U.S.A., Inc.

Julie E. Grimaldi, Stephen R. Tatum, Susan Carol Langston, Sprint Communications Company, L.P., Kansas City, MO, Keith E. Drill, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Laura Besvinick, Davis, Scott, Weber & Edwards, Miami, FL, Denise M. Anderson, Anderson Platts Law Firm, Kansas City, MO, for US Telecom, Inc.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Plaintiffs' Motion To Compel Production of Documents (doc. 186.) Plaintiffs Audiotext Communications Network, Inc. and Connections U.S.A., Inc. seek to compel defendant US Telecom, Inc. (Sprint) to produce a bound notebook of documents reviewed and relied upon by Ralph Reid (Reid) before the third session of his deposition. Defendant opposes the motion.

Plaintiffs deposed Reid on July 31 and August 1 and 2, 1995. They claim that, before the third day of deposition, Reid reviewed documents contained in the notebook at issue. They assert that he used such documents to prepare for his deposition, to refresh his memory, and to change previous testimony. They suggest that they are entitled to review the notebook. They assert that defendants have waived whatever privilege they may have had, when they allowed Reid to use the documents in preparation for deposition. They claim, furthermore, that the documents are necessary to effectively cross-examine Reid and to evaluate his credibility. They invoke Fed.R.Evid. 612 as grounds for obtaining the notebook.

Defendant claims the notebook is privileged as attorney work product. It asserts that its counsel assembled the notebook in anticipation of litigation. It argues that the documents contained therein reflect the work product and mental impressions of its counsel. It submits, moreover, that at the deposition it produced the documents upon which Reid relied. It contends, furthermore, that plaintiffs have not shown a substantial need for the notebook. In addition it apparently claims protection under the attorney-client privilege.

Defendant has not supported its claim of work product. "To constitute work product under Fed.R.Civ.P. 26(b)(3), the material must be documents and tangible things, prepared in anticipation of litigation or for trial, and prepared by or for another party or for that other party's representative." *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, No. 89–2181–V, unpublished op. at 5 (D.Kan. Sept. 4, 1992). Defendant suggests that the selecting and grouping of the documents makes them attorney work product. Such suggestion ignores prior decisions of this court. The selecting and grouping of information does not transform discoverable documents into work product. *See Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 539–40 (D.Kan.1989); *Henshaw v. Hennessy Indus. Inc.*, No. 91–2248–KHV, unpublished op. at 4 (D.Kan. Feb. 4, 1993); *Sunbird Air Servs., Inc.*, at 4–5. Defendant states that it has previously produced all

documents contained in the notebook. Such production demonstrates the discoverability of the individual documents. Collecting and organizing discoverable documents in a notebook does not make the notebook protected work product. Defendant presents no other grounds for finding the notebook to constitute work product.

Defendant briefly refers to the attorney-client privilege in response to the motion and during the deposition of Mr. Reid. To the extent it relies on such privilege, the court overrules the objection. Defendant has not substantiated it. Defendant admits, moreover, that it has produced to plaintiffs all documents contained in the notebook. Such production would destroy whatever privileged status existed before the production.

 In any event reference to Fed. R.Evid. 612 indicates the notebook should be disclosed, whether or not it is work product or protected by the attorney-client privilege. *Ehrlich v. Howe,* 848 F.Supp. 482, 493 (S.D.N.Y.1994). "As a general rule, when a document is used to refresh one's recollection, any privilege protecting that document must give way." *Moore v. Fieser,* No. 88–1134–C, unpublished op. at 5, 1989 WL 89940 (D.Kan. June 5, 1989).

> The "potential for conflict [that] exists between Rule 612, which favors disclosure of materials used to refresh a witness' recollection, and the work-product privilege" is resolved by the courts on a case-by-case basis by balancing "the competing interest in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule." Also, when "[c]onfronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection afforded by the attorney-client privilege ... the weight of authority holds that the privilege ... is waived."

*Ehrlich,* 848 F.Supp. at 493 (alterations in original). The United States District Court for the Southern District of New York has provided a persuasive rationale for disclosing materials used to refresh the memory of a witness:

> In the setting of modern views favoring broad access to materials useful for effective cross-examination, embodied in rules like 612 and like the Jencks Act, 18 U.S.C. § 3500, it is disquieting to posit that a party's lawyer may "aid" a witness with items of work product and then prevent totally the access that might reveal and counter-act the effects of such assistance. There is much to be said for a view that a party or its lawyer, meaning to invoke the privilege, ought to use other and different materials, available later to a cross-examiner, in the preparation of witnesses. When this simple choice emerges the decision to give the work product to the witness could well be deemed a waiver of the privilege.

*Berkey Photo, Inc. v. Eastman Kodak Co.,* 74 F.R.D. 613, 616 (S.D.N.Y.1977) (quoted in *FDIC v. Renda,* No. 85–2216–O, unpublished op. at 4, 1987 WL 348635 (D.Kan. Mar. 30, 1988)).

Fed.R.Evid. 612 applies to depositions, pursuant to Fed.R.Civ.P. 30(c).[1] Rule 612 provides in pertinent part:

> if a witness uses a writing to refresh memory for the purpose of testifying, either—
>> (1) while testifying, or
>> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal.

---

1. Fed.R.Civ.P. 30(c) provides that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the Federal Rules of Evidence except Rules 103 and 615."

"The purpose of the rule is ... to promote the search of credibility and memory." Fed. R.Evid. 612 advisory committee's notes. The advisory committee's notes to Rule 612 also clarify the purpose of the phrase "for the purpose of testifying." Its purpose "is to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness." *Id.*

▮ A party must meet three conditions before obtaining "documents used by a witness prior to testifying: (1) the witness must use the writing to refresh his or her memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice." *Butler Mfg. Co. v. Americold Corp.*, 148 F.R.D. 275, 277–78 (D.Kan.1993). In addition, the party seeking such documents must show that the documents "actually influenced the witness' testimony." *Id.* at 278. Actual refreshment of recollection is immaterial.

> On balance, justice and fairness will more likely ensue by requiring production ... upon proof that the witness has reviewed [the document] for the purpose of refreshing his memory. To require an additional showing that it in fact refreshed his memory would more likely occasion arbitrary, fortuitous or capricious results than fair results.

*Renda*, at 7, 1987 WL 348635. "[A] party must delve ... thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document where existence is uncovered in connection with a deposition." *Butler Mfg. Co.*, 148 F.R.D. at 278.

Mr. Reid testified upon deposition that he "looked through some documents" before attending his last session of deposition. He "flipped through" the notebook here at issue. (See Tr. of Dep. at 378, attached to Pls.' Mot. To Compel Produc. of Docs., doc. 186.) He looked through the notebook "because it was about [plaintiffs]" and he knew he would be in deposition and he was concerned about a settlement agreement discussed during previous deposition questioning. He did not "study the book," but saw documents other than the settlement agreement. He was "astonished" by certain things he had failed to recall during previous questioning. (Tr. of Dep. at 379.) He wanted to clarify or change previous testimony. (Tr. of Dep. at 378–82.) He identified "six documents that refreshed his recollection in connection with his preparation of [his] deposition." (Tr. of Dep. at 385–86.) He later testified that he "reviewed two documents" the night before the third day of deposition. (Tr. of Dep. at 392.)

▮ The court finds that the notebook reviewed by Mr. Reid had an impact on his testimony within the meaning of Fed.R.Evid. 612. He testified that he "flipped through" the notebook the night before the last day of his deposition. He further testified that he was "astonished" by some things he had forgotten. He thus clarified or changed earlier testimony. Under the circumstances of this case, plaintiffs have sufficiently shown that he reviewed it in its entirety. Defendant has not shown the documents at issue to be work product or otherwise privileged so as to require a more thorough showing by plaintiffs. *See Butler Mfg. Co.*, 148 F.R.D. at 278. That only certain documents actually refreshed his memory is immaterial. The review clearly impacted his testimony. In the interests of justice defendant shall produce the entire notebook for inspection and copying.

▮ Relying upon *Butler Mfg. Co.*, defendant argues that plaintiffs have not shown substantial need for the notebook. *Butler Mfg. Co.* is distinguishable. First, the court in *Butler Mfg. Co.* found Fed.R.Evid. 612 inapplicable. The party seeking the material had not made a sufficient showing "to use Rule 612 as a tool to obtain disclosure." 148 F.R.D. at 278. Second, the material there at issue was work product. Requesting parties may obtain work product through discovery, if they show that

> there is substantial need of the material in the preparation of [their] case; and ... that [they are] unable without undue hardship to obtain the substantial equivalent of the materials by other means. Work

product reflecting the opinions, mental processes and legal theories of counsel, or "opinion work product" is immune from discovery in the absence of extreme need.

*Bohannon*, 127 F.R.D. at 539. The court has found that the notebook here is not work product. Plaintiffs have no reason to show substantial need or that they cannot obtain equivalent material through other methods.

■ The court next considers sanctions, pursuant to Fed.R.Civ.P. 37(a)(4)(A). In this instance sanctions appear unjustified. Defendant offered to produce some of the documents in the notebook which refreshed the recollection of Mr. Reid. It declined to produce the remainder of the notebook. Its position appears substantially justified under the circumstances of this case. The court relies upon an unpublished opinion from this district for the proposition that actual refreshment of recollection is immaterial. It cannot expect counsel to be aware of every unpublished opinion in existence. Each party shall be responsible for its own expenses incurred upon the motion.

For the foregoing reasons the court sustains Plaintiffs' Motion To Compel Production of Documents (doc. 186.) Defendant shall forthwith produce the notebook reviewed by Mr. Reid before his third session of deposition. Such production shall take place at the offices of counsel for plaintiffs located at 210 Plaza West Building, 4600 Madison Avenue, Kansas City, Missouri, or at any other location agreed upon by the parties.

IT IS SO ORDERED.