OMAHA PUBLIC POWER
DISTRICT, Plaintiff,

v.

FOSTER WHEELER CORPORATION,
et al., Defendants.

FOSTER WHEELER ENERGY
CORPORATION, et al.,
Third-Party Plaintiffs,

v.

GIBBS, HILL, DURHAM &
RICHARDSON, INC., et al.,
Third-Party Defendants.

No. CV 81–L–182.

United States District Court,
D. Nebraska.

Feb. 28, 1986.

Cassem, Tierney, Adams, Gotch & Douglas, John R. Douglas, Omaha, Neb., for plaintiff.

Leo Eisenstatt & John Brownrigg, Erickson, Sederstrom Firm, Soren S. Jensen, Erickson, Sederstrom, Milton A. Katskee, Omaha, Neb., for Gibbs, Hill, et al.

Richard S. Reiser, Gross, Welch, Omaha, Neb., for Wheelabrator-Frye, Inc.

Cline, Williams, Wright, Johnson & Oldfather, Fredric H. Kauffman and Terry R. Wittler, Lincoln, Neb., Kirkpatrick, Lockhart, Johnson & Hutchinson and Joseph A. Katarincic, Pittsburgh, Pa., for all defendants except Wheelabrator-Frye, Inc.

L. Bruce Puffer, Jr., Shanley & Fisher, Morristown, N.J., for Foster Wheeler Corp.

### ORDER

BEAM, Chief Judge.

This matter is before the Court upon the oral motion of defendants for discovery. The Court finds that the discovery requested should be permitted subject to limitations.

Defendants are now deposing some of plaintiff's employees. In contemplation of this discovery, counsel for the plaintiff segregated copies of some of plaintiff's business records. The records at issue were produced as part of a massive document production exercise conducted at an earlier stage in this proceeding.

Plaintiff's attorneys provided this group of documents to plaintiff's employee, a chemist, so that the employee could prepare for his deposition. The witness is not an expert who will offer opinion evidence at trial. He may be a "fact" witness at trial but that, apparently, has not been fully determined at this time.

■ Plaintiff's lawyers contend that the selection and segregation of the particular documents is work product protected from disclosure by the doctrine enunciated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The Court agrees with this assessment. As stated in *Sporck v. Peil*, 759 F.2d 312 (3d Cir.1985),

Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses.

*Sporck*, 759 F.2d at 316.

Such material is accorded an almost absolute protection from discovery. And, in an almost identical fact situation, the Third Circuit determined that selection and compilation of documents by counsel in preparation for pre-trial discovery falls within this highly protected category of opinion work product. *Id.*

■ However, protection under the work product doctrine may be waived. *See, e.g., Fed.R.Civ.P.* 26(b)(3), (4)(A)(i). In this case, waiver rises or falls upon an analysis of whether and how to apply *Fed.R.Evid.* 612. The Third Circuit, in *Sporck*, finds Rule 612 applicable to deposition testimony by

operation of *Fed.R.Civ.P.* 30(c) ("examination and cross-examination of witnesses may proceed as permitted at trial under the provisions of the federal rules of evidence.") This Court doubts, however, that such language can be construed so as to make Rule 612 applicable in *Sporck* or in this case.

■ First, the Advisory Committee note on Rule 612 states, in part,

The purpose of the phrase 'for the purpose of testifying' is to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness.

Second, the notes of the Advisory Committee talk of use of writings to refresh recollection while a witness is "on the stand" or prior to "taking the stand." [1] While it may be argued that a deposition witness is on the "stand" during a civil deposition examination, it is unlikely that such a meaning is reasonable when you analyze the entire Rule, the Committee Note and the cases cited by the Committee in conjunction with the Note. Thus, it appears that the first sentence of *Fed.R. Civ.P.* 30(c) deals only with the procedures for examination and cross-examination and not with the substance of the examination. Otherwise, the plain language of Rule 612 would permit a broad ranging inquiry into highly protected opinion work product, something clearly not envisioned by the drafters of the Rule. The word "testify-

---

1. The treatment of writings used to refresh recollection while on the stand is in accord with settled doctrine. McCormick § 9, p. 15. The bulk of the case law has, however, denied the existence of any right to access by the opponent when the writing is used prior to taking the stand, though the judge may have discretion in the matter. *Goldman v. United States,* 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942); *Needelman v. United States,* 261 F.2d 802 (5th Cir.1958), *cert. dismissed,* 362 U.S. 600, 80 S.Ct. 960, 4 L.Ed.2d 980, *rehearing denied,* 363 U.S. 858, 80 S.Ct. 1606, 4 L.Ed.2d 1739, Annot., 82 A.L.R.2d 473, 562 and 7 A.L. R.3d 181, 247. An increasing group of cases

has repudiated the distinction, *People v. Scott,* 29 Ill.2d 97, 193 N.E.2d 814 (1963); *State v. Mucci,* 25 N.J. 423, 136 A.2d 761 (1957); *State v. Hunt,* 25 N.J. 514, 138 A.2d 1 (1958); *State v. Desolvers [Deslovers],* 40 R.I. 89, 100 A. 64 (1917), and this position is believed to be correct. As Wigmore put it, 'the risk of imposition and the need of safeguard is just as great' in both situations. 3 Wigmore § 762, p. 111. To the same effect is McCormick § 9, p. 17.

Federal Rules Civil Procedure Rule 612 Notes of Advisory Committee on Proposed Rules (West 1985).

ing" as used in the Rule contemplates the presentation of evidence at a hearing before a judge or magistrate.

Even if the Third Circuit is correct with regard to the applicability of *Fed.R.Evid.* 612 in civil discovery matters, *Sporck* does not provide a basis for the wholesale discovery of this kind of work product. Whether or not Rule 612 is applicable to civil deposition testimony, the proper procedure is outlined in *Sporck:*

> Indeed, if respondent's counsel had first elicited specific testimony from petitioner, and then questioned petitioner as to which, if any, documents informed that testimony, the work product petitioner seeks to protect—counsel's opinion of the strengths and weaknesses of the case as represented by the group identification of documents selected by counsel—would not have been implicated. Rather, because identification of such documents would relate to specific substantive areas raised by respondent's counsel, respondent would receive only those documents which deposing counsel, through his own work product, was incisive enough to recognize and question petitioner on. The fear that counsel for petitioner's work product would be revealed would thus become groundless.

*Sporck,* 759 F.2d at 318.

Accordingly, defendants may examine the witness with regard to any matter which is relevant to the subject matter of the action. Defendants may then ask the witness to identify any documents which informed the witness, in whole or in part, with regard to testimony given.

IT IS SO ORDERED.