■ EDWARD BLOSS et al., Respondents, v FORD MOTOR COMPANY, Appellant.—Harvey J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered January 24, 1986 in Fulton County, which denied defendant's motion to strike plaintiffs' demand for discovery and granted plaintiffs' cross motion to compel discovery.

In May 1981, plaintiffs commenced this action against defendant seeking damages caused when the jeep plaintiff Edward Bloss was driving, while employed by the United States Army, overturned. Defendant allegedly designed, manufactured and sold the jeep to the Army. In preparation for the instant lawsuit, and others pending against it, defendant retained a law firm in Detroit, Michigan, to review and index the approximately 76 boxes of documents relating to the design and development of the vehicle in question. An attorney from the Detroit firm, along with two or three paralegals, spent approximately a month reviewing the documents. As part of this review, two indexes of the documents were prepared.

In January 1985, Jeffrey Anderson, an attorney from the law firm representing plaintiffs, traveled from Troy, New York, to Dearborn, Michigan, to review the aforementioned documents. Upon arrival in Dearborn, Anderson was allegedly informed that he would only be allowed two days to review the documents and that, if additional time was needed, he would have to make subsequent trips at plaintiffs' expense. Anderson's cursory review of the documents revealed that they had been indexed. He was subsequently informed that between 25 to 30 boxes of documents had been removed as defendant claimed they were either attorney's work product or contained confidential attorney-client information.

Plaintiffs subsequently served a discovery notice upon defendant seeking production of its indexes. Defendant moved for a protective order and plaintiffs cross-moved to compel production of the indexes. Special Term granted plaintiffs' cross motion and ordered defendant to produce the indexes in question. The court permitted defendant to redact any information which it, in good faith, believed to contain conclusions or opinions of its attorneys. Defendant appealed.

Defendant asserts that the indexes are privileged matter (CPLR 3101 [b]), attorney's work product (CPLR 3101 [c]) or material prepared for litigation (CPLR 3101 [d]). Initially, we note that trial courts are clothed with broad discretion in supervising the scope of disclosure *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Spinosa v Hartford Fire Ins. Co.,* 114 AD2d 633, 634). The party seeking to prevent disclosure bears the burden of establishing that the information sought is immune from disclosure *(Central Natl. Bank v Thorington,* 115 AD2d 829, 830).

Turning first to whether the indexes constituted attorney's work product, the term "work product" has been narrowly construed to include only material prepared in an attorney's professional capacity and which necessarily involved professional skills *(Graf v Aldrich,* 94 AD2d 823, 824; *Hoffman v Ro-San Manor,* 73 AD2d 207, 211). Documents which could have been prepared by a layman are not covered (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:28, p 33). Here, plaintiffs seek only indexes of the documents relating to the design and development of the subject vehicle. No opinions, strategy or legal conclusions are sought. Defendant has not shown that the indexing of the documents was accomplished by using any particular legal skills.

Nor has defendant shown that the indexes are immune from disclosure under CPLR 3101 (b). To be immune under that section, defendant must establish that the information sought would divulge confidential attorney-client communications *(see,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.38; *see also,* CPLR 4503). There is no indication in the record that the indexes contained confidential communications between defendant and its attorneys. In any event, Special Term specifically allowed defendant to redact any legal opinions from the indexes.

Defendant's further contention that the indexes are protected from discovery as material prepared for litigation has been considered and found meritless. We conclude that it was within Special Term's discretion to order defendant to produce redacted copies of the indexes.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.