**WASHINGTON BANCORPORATION,**
**et al., Plaintiffs,**

**v.**

**Wafic R. SAID, et al., Defendants.**

**Civ. A. No. 88–3111 (RCL).**

United States District Court,
District of Columbia.

Nov. 3, 1992.

Eugene D. Gulland, Covington & Burling, Washington, DC, for Ziad H. Idilby,

Richard S. Bodman, Safinance Settle, Wafic Said, Washington Nat. Hold.

Scott N. Fletcher, Willmer, Cutler & Pickering, Washington, DC, for George W. Jones, John P. McDaniel, Coleman Raphael.

James E. Akers, Sullivan & Cromwell, Washington, DC, for Peter Marxer.

William Joseph Smith, Stohlman, Beuchert, Eagan & Smith, Washington, DC, for Mitchell J. Neitzey.

Paul Martin Wolff, Williams & Connolly, Washington, DC, for RBW Invest., Ltd, Wash. Invest., Ltd, Robert B. Washington, Jr.

Terence Patrick Ross, Gibson, Dunn & Crutcher, Randy R. Kehrli, Morrison, Hecker, Curtis, Kuder & Parrish, Gerald Mark Rosberg, Dewey, Ballantine, Bushby, Palmer & Wood, Washington, DC, Timothy U. Sharpe, Piper & Marbury, Baltimore, MD, Mathew S. Rosengart, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Nat. Bank of Washington.

Hadrian R. Katz, Arnold & Porter, Washington, DC, Timothy U. Sharpe, Piper & Marbury, Baltimore, MD, for Washington Bancorporation.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the court pursuant to the FDIC's Memorandum in Support of Its Claim That Its Document Index Is Attorney Work Product Protected From Discovery Pursuant to Rule 26(b)(3); Defendant Luther H. Hodges, Jr.'s Response to the FDIC's Memorandum; and the FDIC's Reply Memorandum.[1]

On consideration of the arguments and authorities presented by counsel in their briefs, and for the reasons stated in this memorandum opinion, Defendant Luther H. Hodges, Jr.'s Motion to Compel the production of the FDIC's index will be GRANTED in part and DENIED in part.

The FDIC's Motion to Protect its document index under the attorney work product doctrine will DENIED in part and GRANTED in part. The FDIC shall produce its index but may redact those specific hand and typewritten comments reflecting attorney opinions and thought processes.

## I. *FACTS.*

This case comes before this court pursuant to a provision in this court's order dated September 10, 1992. In paragraph ten of that order, this court ordered the FDIC to produce to the court for *in camera* review the FDIC's "index of the 2400 boxes which it claims is privileged, [and] a legal memorandum supporting [that] claim." The FDIC has done so, and the parties seeking the production of the index have had an opportunity to respond to the FDIC's position.

The FDIC has in its possession 2400 boxes of documents that are relevant to this litigation. At issue in this dispute is the index that the FDIC's outside counsel created for those 2400 boxes of documents. The combined index spans four volumes.

The FDIC contends that the entire index is attorney work product protected from discovery by Fed.R.Civ.P. 26(b)(3). The FDIC contends that the index is "opinion" work product with virtually absolute protection from discovery, or, in the alternative, "fact" work product that should not be produced in this instance. Defendants contend that the index is only "fact" work product and that they have justified their need for the index's production.

## II. *DISCUSSION.*

This court concludes that the FDIC's index is largely "fact" work product that the FDIC must produce to defendants. However, this court also finds that the index contains some limited hand and typewritten entries that reflect attorney opinions and that those entries may be redacted before

---

1. The FDIC's initial and reply memoranda shall be referred to as the FDIC Memorandum and the FDIC Reply, respectively. Defendant Luther H. Hodges, Jr. filed the defendants' response, which defendants Cronin, Jones, McDaniel, Pa-deas, Raphael, Boggs, Del Col, and Hawes then joined. That memorandum shall be referred to as the Hodges Response. Defendants J. Mitchell Nietzey and Robert B. Washington did not join the briefing on this issue.

production. The court also notes that this opinion only decides the index's status under Rule 26(b)(3)'s attorney work product doctrine and not under other theories of privilege assertable by the FDIC. *See* FDIC Memorandum, p. 2 n. 1.

A. *Rule 26(b)(3) and the Attorney Work Product Doctrine.*

Fed.R.Civ.P. 26(b)(3) allows

discovery of documents ... prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation.

Fed.R.Civ.P. 26(b)(3).

Under this rule, a two step inquiry determines whether a document qualifies as attorney work product protected from discovery. First, the court must determine whether the document constitutes attorney work product. A document satisfies this first step only if:

1.  an attorney or his/her agent prepared the document, and

2.  the attorney or agent prepared the document in anticipation of litigation.

Fed.R.Civ.P. 26(b)(3).

If the document fulfills this first step of the inquiry, the court must proceed to the second step and determine the amount of protection the document should receive. In this second step, the court must decide if the document is "opinion" or "fact" work product. That categorization in turn determines the amount of protection afforded to it. *See In re Sealed Case,* 676 F.2d 793, 809–10 (D.C.Cir.1982).

■ Work product that contains the "opinions, judgments, and thought processes of counsel" receives almost absolute protection from discovery and must be produced only if the party seeking the documents shows an "extraordinary justification" for production. *Id.*

■ Work product that contains only non-privileged facts must be produced if the party seeking discovery satisfies certain conditions justifying production. *Id.* at 809. Fed.R.Civ.P. 26(b)(3) defines those conditions as:

1.  a "substantial need" for the factual information contained in the document, and

2.  an inability to collect that same factual information or its "substantial equivalent" without "undue hardship."

Fed.R.Civ.P. 26(b)(3). Even if the party seeking discovery meets these two conditions, Rule 26(b)(3) requires the court ordering discovery to ensure that redactions protect any opinions also present in the fact-filled document. *Id.*

This fact/opinion classification becomes more difficult when the document at issue is a hybrid of the "fact" and "opinion" categories. A document index is just such a hybrid. An index catalogues factual information, but it also arranges that information in a way that could reveal the preparing attorney's opinions about the information indexed and how it relates to the underlying case.

When faced with hybrid documents that are factual in basis but opinionative in structure, courts have based their classifications on the extent to which such compilations inadvertently disclose attorney opinion. The leading case for the categorization of such compilations is *Sporck v. Peil,* 759 F.2d 312 (3d Cir.1985), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).

In *Sporck,* the plaintiff requested the identification and production of all documents reviewed by the defendant in preparation for his deposition. The defendant objected on the ground that that grouping

of selected documents was attorney work product that reflected his and counsel's opinions and mental impressions as to how the evidence in the documents related to the issues in the case. *Id.* at 314. The Third Circuit agreed with the defendant and categorized the document grouping as "opinion" work product. The Third Circuit reasoned that:

'In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case. Indeed, in a case such as this, involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research.'

*Id.* at 316 (quoting *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D.Del. 1982)).

*Sporck* and its progeny [2] are the only decisions addressing whether compilations qualify for "opinion" work product protection. *Sporck* involved a compilation of a few singled out documents. That decision appropriately focused on the selectivity of the compilation at issue when determining its "opinion" status.

Next, this court conducts the Rule 26(b)(3) inquiry for the FDIC's index. This court concludes, however, that the FDIC's index is not selective enough to qualify for "opinion" status under *Sporck*. This court also concludes that the index possesses no other characteristics that independently qualify it for "opinion" work product status.

## B. *The Status of the FDIC Index.*

■■■ Under Rule 26(b)(3)'s two-step inquiry, this court first must determine whether the FDIC's four volume index qualifies as work product. This court concludes that the index does. The FDIC clearly has proven both that its outside counsel prepared the document index, FDIC Memorandum, p. 4–5; Dilloff Affidavit ¶ 5, 7; Martin Affidavit, ¶ 4–5, and that those counsel did so in anticipation of litigation, FDIC Memorandum, p. 4–5. Whether or not these counsel created the indices prior to the actual institution of litigation, Hodges Memorandum, p. 9, is irrelevant. The work product doctrine protects documents prepared before litigation actually commences. *Rauh v. Coyne*, 744 F.Supp. 1181, 1185 (D.D.C.1990).

Because the FDIC's index qualifies as work product under Rule 26(b)(3), this court must proceed to the second of Rule 26(b)(3)'s two steps and determine the "opinion" or "fact" status of the index.

### 1. "Opinion" work product.

■■■ The FDIC contends that its index is "opinion" work product because the organization of the index and the descriptions of the documents within it reveal the FDIC's mental impressions and thought processes regarding the importance of the documents included. The FDIC relies on *Sporck* and other cases [3] for this position. After reviewing the FDIC's index *in camera*, this court concludes that this case is distinguishable from *Sporck* and that the FDIC's index does not constitute "opinion" work product.

*Sporck* ruled on the "opinion" status of a specific type of compilation. At issue in there was the compilation of a small number of very select documents,[4] 759 F.2d at 313–14, and the selectivity of that compilation was a key factor in the Third Circuit's reasoning. As that court emphasized: "In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." *Id.* at 316. For that

2. The FDIC cites to numerous other court decisions that also categorized selective document compilations as "opinion" work product. FDIC Memorandum, p. 10 n. 10 (*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42 (S.D.N.Y.1992); *Jaroslawicz v. Englehard Corp.*, 115 F.R.D. 515 (D.N.J.1987); *Omaha Pub. Power Dist. v. Foster Wheeler Corp.*, 109 F.R.D. 615 (D.Neb.1986); *Eagle–Picher In-*

*dus. v. United States*, 11 Cl.Ct. 452 (1987)). Those cases do follow *Sporck*'s reasoning but also add little to it and do not need to be discussed further here.

3. *See* supra note 2 and accompanying text.

4. Over 100,000 documents were produced by one side alone. *Sporck*, 759 F.2d at 313.

court, the compilation's selectivity was what revealed the defense attorney's perceptions of the case and triggered the higher protection of an "opinion" categorization.

The selectivity that was central to the compilations *Sporck* and other decisions [5] is not present in the FDIC index. The index at issue here catalogues not tens of documents but thousands. It spans four volumes and hundreds of pages. The extreme number of documents indexed here virtually eliminates the possibility that defendants could glean from this index the FDIC's litigation strategy and distinguishes this case from *Sporck*.[6]

Despite the scope of this index, this court still might have granted the FDIC's request for an "opinion" categorization *if* the index was replete with attorney opinion and commentary. However, such commentary does not exist. Instead, this index merely lists the *titles* of every file in each of the 2400 boxes. It is virtually barren of remarks.[7]

Despite the number of documents involved and the sparsity of written opinions present, the FDIC contends the index should be protected as "opinion" work product because of the way in which the index groups the files and boxes it lists. The FDIC contends that if defendants obtain the index, defendants could discern from the file groupings in each box and even the number of file titles listed for each box the FDIC's opinion of the importance or relevance of that box and the files it contains.

This court can discern no sophisticated litigation theory underlying the index's file and box groupings. The index identifies boxes by number not subject matter. To the extent the index does group files together, it seems to do so simply, and sensibly, according to subject matter, e.g. meeting minutes are grouped together as are loan files. Such basic groupings do not rise to the level of "opinion" work product.[8] Nor does the listing of many files in a particular box give away the FDIC's litigation strategy. The listing of many files

5. *See* supra note 2. These related cases all suffer from this factual limitation. *Shelton v. American Motors Corp,* 805 F.2d 1323 (8th Cir. 1986) found protected an attorney's ability to recollect one document out of all those produced. *Securities and Exchange Comm'n v. Morrelli,* 143 F.R.D. 42 (S.D.N.Y.1992) found protected the SEC's selection of particular documents to prove certain factual allegations. *Jarowlawicz v. Engelhard Corp.,* 115 F.R.D. 515 (D.N.J.1987) found protected an attorney's compilation of three documents used to respond to an SEC investigation. *Omaha Public Power Dist. v. Foster Wheeler Corp.,* 109 F.R.D. 615 (D.Neb.1986) found protected the select compilation of documents used to prepare a witness for a deposition. *Eagle–Picher Indus. v. United States,* 11 Cl.Ct. 452 (1987) found protected the compilation of documents used to prepare deputy Assistant Attorney General for testimony before a House of Representative Subcommittee.

Selectivity was also a significant factor in the only decision by a judge of this court on the subject. In *Gary St. Hilaire v. Department of Justice,* Civ. Action No. 91–0078–LFO, 1992 WL 73545, at *2–3, 1992 U.S.Dist. LEXIS 3420, at *6–8 (D.D.C. March 18, 1992), Judge Oberdorfer found protected an index of very select documents which were used to prepare a report for the Attorney General. There also, the selectivity involved was what gave the index its "opinion" status. *Id.*

6. The FDIC contends that Steptoe & Johnson selected and indexed only those documents its perceived to be relevant to the commercial paper litigation. FDIC Memorandum, p. 11 n. 12. Relevance is not enough to cloak the Steptoe index with "opinion" work product protection. The FDIC *has* to designate documents it perceives as relevant under Fed.R.Civ.P. 26(b)(1). Moreover, the "relevant" documents filled 300 boxes, enough to eliminate the possibility that Steptoe's legal opinions could be discerned from the documents they selected.

7. There are some instances where hand or typewritten marks or commentary demonstrate the FDIC's opinion regarding a particular document. Those marks or statements are "opinion" work product entitled to protection. However, those instances are rare and do not prevent production of the index. Redactions can protect those markings.

8. It is unclear from the FDIC's memorandum whether its outside counsel indexed the documents as they found them or whether they regrouped and reboxed the documents by categories counsel themselves created. Either way, this court does not find the significance of those groupings so apparent as to reveal the FDIC's litigation strategy.

simply means that more, presumably thinner, files were in that particular box.

For all of these reasons, this court simply cannot conclude that the production of this index would reveal "important aspects of [the FDIC's] understanding of [its] case[s]." *Sporck*, 759 F.2d at 316. After reviewing the index *in camera*, this court concludes that no attorney opinions or thought processes can be gleaned from the index's contents or organization. *See Bloss v. Ford Motor Co.*, 126 A.D.2d 804, 510 N.Y.S.2d 304 (1987) (index not protected where it did not disclose legal theories). The index is too vast and too basic for such a result and for the heightened protection the FDIC seeks.[9]

### 2. "Fact" work product.

■ Because this court does not find the FDIC index to be "opinion" work product, this court necessarily finds it to be "fact" work product instead. Under Rule 26(b)(3), this court can order the FDIC to produce the index, but only if defendants prove both that they have a "substantial need" for the index and that they will suffer "undue hardship" if they have to create a similar index on their own. The FDIC contends that defendants have proven neither. This court disagrees. Defendants have proven both.

Defendants have a substantial need for an index to the vast amount of documents in this case.[10] As defendants rightly assert, such an index would create enormous time efficiencies and allow them to identify more expeditiously those files they need from the 2400 boxes. Hodges Memorandum, p. 2. The index will allow defendants to request in one fell swoop all documents they perceive to be necessary to their case. Without the index, defendants inevitably will have to file supplemental document requests as they incrementally increase their knowledge of the documents available. Production of the index at the outset will save defendants the time and money it would take to make those supplemental requests, and in a case as large and complex as this one, that time and money constitutes "substantial need" under Rule 26(b)(3).[11]

Defendants also have demonstrated that they would suffer "undue hardship" if they had to create a similar index from scratch. Defendants admit that they will have access to all 2400 boxes through document requests and they could recreate this index given time. However, the time and money it would take to recreate this index easily constitute "undue hardship." This court sees no value and only waste in requiring such a duplicative effort.

Defendants' need for a comprehensive index to the universe of NBW documents cannot be understated. It would, and undoubtedly did,[12] take an enormous effort to

---

9. In fact, after reviewing the index this court was surprised the FDIC even attempted to seek work product protection for this document. *See Cynthia Sue Hense v. G.D. Searle & Co.*, 452 N.W.2d 440 (Iowa 1990) (en banc) (defendant conceded production of index that consisted of "no more than a list of labels").

For support of its position the FDIC cites to *Jarvis v. American Tel. & Tel.*, 84 F.R.D. 286 (D.Colo.1979), a decision denying access to a document index. In that case, the court summarily concluded that AT & T's document organization system was protected work product without categorizing that system as either "opinion" or "fact" work product. The court gave only one clue as to its reasoning: that plaintiffs had not shown a "substantial need" for the system. That justification would lead to the inference, unfavorable to the FDIC but favorable to defendants, that the court categorized the system as "fact" work product, the only type of work product for which a "substantial need" inquiry is necessary under Fed.R.Civ.P. 26(b)(3).

10. The FDIC claims that defendants previously stated they did not want the index. FDIC Memorandum, p. 14. Defendants dispute this characterization of their previous statements. Hodges Memorandum, p. 2 n. 1. Whatever defendants' previous position, this court treats the Hodges Memorandum as a request and statement of need for this index.

11. The FDIC asserts that defendants' attempt to get the index is nothing more than a "fishing expedition." That assertion has no basis in fact. Moreover, defendants acted appropriately in this attempt to make the discovery more efficient.

12. The FDIC contends that a ruling by this court requiring production of the index will undermine its willingness to prepare similar documents in the future. FDIC Memorandum, pp. 15–17. The FDIC contends that it will refrain from preparing indices in the future to guarantee that the opinions infused throughout such

create such a document. This court can see no reason to force defendants to repeat this effort when such a document already exists and can be disclosed without harm to its creator.

### C. *Parameters for the Production of the Index.*

■ This court has concluded that the factual entries in the FDIC index are not protected by Fed.R.Civ.P. 26(b)(3). The FDIC shall produce to defendants its index with all hand and typewritten box numbers, file titles, and content listings intact.[13]

This court also finds that there are some hand and typewritten opinions present in the index and that these opinions take many forms. The FDIC may redact those opinions. For example, the FDIC may redact asterisks and underlining indicating importance. The FDIC also may redact extended commentary regarding a particular file's contents. As a rule however, the FDIC should be producing an index page for every box and on each page there should be a numbered list of that box's contents.

### III. CONCLUSION.

For the reasons mentioned above, this court concludes that the FDIC index is not as a whole "opinion" work product. Rather, the vast majority of the index's entries are factual and should be produced. The index does contain a small number of entries that reflect attorney opinion and thought processes. The FDIC may redact those entries before producing its index. An appropriate order will be issued to that effect this date. .

### ORDER

This matter comes before the court pursuant to the FDIC's Memorandum in Support of Its Claim That Its Document Index Is Attorney Work Product Protected From Discovery Pursuant to Rule 26(b)(3); Defendant Luther H. Hodges, Jr.'s Response to the FDIC's Memorandum (joined by defendants Cronin, Jones, McDaniel, Padeas, Raphael, Boggs, Del Col, and Hawes); and the FDIC's Reply Memorandum.

On consideration of the arguments and authorities presented by counsel in their briefs, and for the reasons stated in the accompanying memorandum opinion, it is hereby ORDERED that:

1. Defendant Luther H. Hodges, Jr.'s Motion to Compel the production of the FDIC's index is GRANTED in part and DENIED in part;

2. The FDIC's Motion to Protect its document index under the attorney work product doctrine is DENIED in part and GRANTED in part;

3. Within ten days, the FDIC shall produce its index to defendants according to the parameters set out in the accompanying memorandum opinion. All portions of the index not produced to defendants shall be provided to the court for further *in camera* review. At that time, the FDIC shall also file and serve on defendants any additional justifications the FDIC wishes to provide for its specific redactions, including any claims of privilege not previously asserted. Defendants may comment on the FDIC's filing within ten days thereafter.

SO ORDERED.

---

indices are not disclosed through their production. The court is reluctant to find any such chilling effect in this ruling for two reasons. First, this court concludes that indices of this type do not reflect the FDIC's legal opinions. Second, this court finds that the FDIC can easily redact those few instances where the FDIC's legal opinion is discernible. The court cannot believe that the small effort required to make those redactions would preclude the FDIC from making an index that is so helpful to its own litigation efforts.

**13.** Included are titles like "This file appears to be...." These hypothetical titles are not so opinion-based that they are entitled to redaction.