Gerald THOMAS, et al.

v.

GENERAL MOTORS CORPORATION.

Civil Action No. 2:96cv38.

United States District Court,
E.D. Texas,
Marshall Division.

July 23, 1997.

John Dale Sloan, Jr., Sloan & Price, Longview, TX, for Gerald Thomas, Estate of Susan Thomas.

Ralph Christian Harvey, Strasburger & Price LLP, Dallas, TX, for GMC.

John Hawley Holman, Holman Cranford & Langdon, Texarkana, TX, for State Farm Mut. Automobile Ins. Co.

## ORDER

McKEE, United States Magistrate Judge.

Pending before the Court is the plaintiffs' motion to compel (doc # 64). The plaintiffs seek disclosure of an Index of OPEP [1] documents (hereinafter "the Index"). The defendant objects to disclosure of the Index on the basis of work product privilege. The defendant has submitted the Index for *in camera* inspection. Upon careful consideration, the Court finds that the Index of OPEP documents should be disclosed to the plaintiffs.

### Background

This is a products liability suit filed on March 4, 1996. The plaintiffs allege that the 1986 model Chevrolet Astro Van (hereinafter "M–Van") is defective and unreasonably dangerous.

In the spring of 1996, the law firm of Strasburger & Price, L.L.P., represented the defendant in three different cases involving the M–Van.[2] During this time, the firm created the Index.[3] The Index contains a 113-page chronological catalog of all OPEP documents, indicating bates numbers, date, type of document, author(s), recipient(s), document description, and comments. The defendant describes the Index as "including the analysis and comments of Strasburger & Price, L.L.P." Defendant's Response at p. 2. However, the "comments" section of the Index would more accurately be described· as a detailed summary of the contents of the listed documents. No comments regarding potential privileges, relevance, etc. are contained within the Index. No designation of the importance of any specific document is made.

Counsel for the plaintiffs became aware of the Index because it was inadvertently produced in *Carmona v. General Motors Corporation,* Cause No. 93–01936, pending in the Circuit Court of the Fourth Judicial Circuit for Duval County, Florida. In *Carmona,* the court determined that the Index was attorney work product, inadvertently produced, and should be returned to the defendant. The court did not provide a rationale or any case citations to support this conclusion.

Under the Civil Expense and Delay Reduction Plan of the Eastern District of Texas, the defendant is required to make initial disclosure, without awaiting a discovery request, "within 30 days after serving a Rule 12(b) motion or its answer to the complaint or removal of the action from state court, whichever occurs first." CJRA Plan 26(b)(2). This case has been continued a number of times, and currently is scheduled for jury selection on August 19, 1997. Discovery was to be completed on June 30, 1997. Despite the initial disclosure requirements of the Plan, the plaintiffs received numerous docu-

---

1. To study vehicle improvement to the M–Van, GM formed an Occupant Protection Enhancement Program ("OPEP"). In connection with this program, several documents were generated which have been referred to as OPEP documents. In a teleconference with the Court on July 18, 1997, counsel for the defendant described these documents as voluminous.

2. *Laisure v. General Motors Corporation,* Cause No. 93–703–1, pending in the Circuit Court of Saline County, Arkansas; *Simmons First National Bank v. General Motors Corporation,* Civil Action No. PB–94–728, pending in the United States District Court of the Eastern District of Arkansas, Pine Bluff Division; *Thomas v. General Motors Corporation,* Civil Action No. 2:96cv38, pending in the United States District Court for the Eastern District of Texas, Marshall Division.

3. Dates are placed on the bottom of each page of the Index. A majority of the pages are dated . February 1996, but some of the pages are dated June 1996.

ments from the defendant as late as June 17, 1997.

The plaintiffs argue that because this case has been characterized by discovery delays, and because jury selection is so near, they have a special need for the Index in order to insure that disclosures from the defendant have been complete. The plaintiffs further argue that an index comprising a list of discoverable documents, without more, can hardly be deemed privileged under these circumstances. To the extent that the Index contains annotations or privileged material, the plaintiffs request a redacted version of the Index.

### Analysis

■ Claims based solely upon attorney work product are governed by Federal Rule of Civil Procedure 26(b). *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir.1991). The attorney work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3). That rule provides:

a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. Pro. 26(b)(3). Thus, the work product doctrine protects from discovery materials prepared by an attorney in preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir.1979). The doctrine protects not only materials prepared by a party but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators. *United States v. Nobles*, 422 U.S. 225, 238–39, 95 S.Ct. 2160, 2170–71, 45 L.Ed.2d 141 (1975). It appears that the Index was prepared in anticipation of litigation and would qualify as work product. However, that does not end the inquiry.

■ Rule 26(b)(3) recognizes the distinction between "ordinary" and "opinion" work product. *Sporck v. Peil*, 759 F.2d 312 (3d Cir.1985). Opinion work product, such as an attorney's legal strategy, evaluation of the strengths and weaknesses of the case, etc., is accorded an almost absolute protection from discovery. *Id.* at 316. *See also In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235 (5th Cir.1982). "Ordinary" or "fact" work product can be ordered to be produced if the plaintiffs show that they have a "substantial need" for the material and that they will suffer "undue hardship." Fed.R.Civ.P. 26(b)(3); *In re International Systems*, 693 F.2d at 1240 (if "documents are not 'opinion work product' the plaintiffs do not have to make the even higher showing required"); *Washington Bancorporation, et al. v. Said*, 145 F.R.D. 274, 279 (D.D.C.1992).

■ Based upon a review of the Index, the Court concludes that the Index is not opinion work product. Although the defendant cites *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.), *cert. denied*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985), for the proposition that an attorney's selection of documents he or she deems to be important is opinion work product, the Court finds that *Sporck* is inapposite to the case *sub judice*. At issue in *Sporck* was an attorney's compilation of select documents for preparation for a deposition. Selectivity of that compilation was a key factor in the Third Circuit's reasoning. In this case, no such selectivity is present. According to the affidavit of counsel for the defendant, an attorney was directed to review "all of the OPEP documents" and provide an index. There is no indication that only certain documents from the OPEP documents were selected for analysis. Thus *Sporck* is not dispositive of the issue.

Instead, *Washington Bancorporation v. Said*, 145 F.R.D. 274 (D.D.C.1992), is directly

on point. The question presented in that case was whether an index created by the FDIC's outside counsel for 2400 boxes of documents was protected from disclosure by the attorney work product doctrine. The court held that the index was not opinion work product, but instead fact work product, because the index involved no selectivity, and served only as a catalog of numerous documents. The extreme number of documents indexed by the FDIC, in the court's mind, eliminated the possibility that the litigation strategy would be revealed. Although the Index and the documents at issue in the case *sub judice* do not appear as voluminous as those in the *Washington Bancorporation* case, they would still qualify as voluminous. More importantly, the key difference between this case and *Sporck* is the absence of selectivity in compiling the Index. Thus the Court concludes that the Index is "ordinary" or "fact" work product.

 Under Rule 26(b)(3), before the defendant can be ordered to produce the Index, the plaintiffs must show "substantial need" and "undue hardship." The plaintiffs have successfully shown such need and hardship in their motion to compel. The plaintiffs point out the numerous delays and dilatory tactics by the defendant in meeting its duty of disclosure. The evidence is striking. First counsel for the defendant states in his affidavit, "Most of [the OPEP] documents had already been produced in early April 1997." Affidavit of E. Paul Cauley, Jr. ¶ 6. In early April 1997, jury selection was scheduled for June 3, 1997. *See* Agreed Docket Control Order of February 4, 1997. There is absolutely no explanation of why these documents were disclosed as late as April 1997, when

the defendant states in its Response to the Motion to Compel that the Index was created in early spring of 1996. There is also no explanation as to why these documents were disclosed so close to jury selection and in noncompliance with CJRA Plan 26(b)(2). Now that jury selection has been continued to August 19, 1997, the defendant has supplemented its disclosure as late as June 17, 1997.[4] The timing of the defendant's disclosure in this case has been woefully inadequate.

More telling are the following excerpts from letters by counsel for the defendant attached to the plaintiff's Motion to Compel.[5] In a letter dated June 10, 1997, counsel for the defendant denied the existence of the Index at issue. After becoming aware that counsel for the plaintiffs knew such an index existed, counsel for the defendant wrote on June 13, 1997: "I now believe I understand what 'index' you ... are requesting." The defendant has failed to appreciate the burden it has in the Eastern District of Texas to disclose those materials which bear significantly on a claim or defense in a timely manner. As a further example, counsel for the defendant wrote in a June 10, 1997 letter:

> Most M–Van related documents have been produced. I know that some additional documents should be produced in the next week or so. However, if there is particular correspondence involving Betsy Ancker–Johnson and Carl Freeman in which you are interested, please identify it so I can make sure that it has been produced or will be promptly.

Once again, counsel for the defendant misperceives whose burden it is to produce GM

---

4. Although the Amended Docket Control Order gives the parties until June 30, 1997, to complete discovery, that does not give the defendant license to postpone handing over material which bears significantly on a claim or defense as close to that deadline as possible. Under CJRA Plan 26(b)(2) disclosure must be made by the defendant within 30 days after serving a Rule 12(b) motion or its answer, whichever occurs first. The defendant's answer was filed on May 3, 1996. Under CJRA Plan 26(f) the parties have a duty to "immediately supplement" incomplete disclosure.

5. On July 18, 1997, the defendant filed a Reply to the plaintiff's Reply in support of their motion to compel. In that Reply, the defendant accuses the plaintiffs of attaching "selected but incomplete correspondence between the parties." The defendant then attached what it referred to as a "fill and complete set of correspondence between counsel." As a point of clarification for the record, the attachment submitted by the defendant is identical to the attachments submitted by the plaintiffs in their motion to compel. Thus the Court verifies that it has received a "full and complete set of correspondence between counsel" from both sides. The Reply was quite unnecessary.

documents. It is the defendant's burden to determine what materials bear significantly on any claim or defense; the plaintiffs cannot possibly be expected to identify pertinent material they have never seen.

The conduct of the defendant throughout discovery in this case more than adequately shows the substantial need of the plaintiffs to have access to the Index to verify the completeness of the disclosures. Because jury selection is scheduled for August 19, 1997, and because a Joint Pretrial Order is due on August 4, 1997, the Court further finds that it would place an undue hardship on the plaintiffs if the Index were not produced.

Because the plaintiffs are only seeking to verify the completeness of disclosure, the Court finds that the "Comments" portion of the Index need not be disclosed. Although the "Comments" portion, as previously stated, appears to merely be a summary of the contents of the OPEP documents, and do not appear to contain any legal opinions or analysis, the need as described by the plaintiffs is for verification, not a need for the summary. The "description" portion of the Index will adequately identify the OPEP documents for verification purposes. Thus, if the defendant, prefers, it may redact the "Comments" portion only of the Index prior to disclosing it to the plaintiffs. As time is of the essence, and as the Index is already created, disclosure of the Index must be made by 5:00 p.m. July 25, 1997 to counsel for the plaintiffs.

### Conclusion

Accordingly, it is

ORDERED that the plaintiffs' Motion to Compel (doc # 64) is granted. It is further

ORDERED that the defendant shall produce the Index of OPEP documents to counsel for the plaintiffs by 5:00 p.m. July 25, 1997.