# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5126

September Term, 2024

FILED ON: JANUARY 31, 2025

CAROLEE BRADY HARTMAN, ET AL.,
    APPELLANTS

v.

MARCO A. RUBIO, SECRETARY OF STATE, ET AL.,
    APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:77-cv-02019)

Before: KATSAS, WALKER and GARCIA, *Circuit Judges*

## J U D G M E N T

We considered this appeal on the record before the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). After considering the issues, we have determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the district court be **AFFIRMED**.

### I

Nearly 25 years ago, a team of lawyers secured the "largest Title VII sex discrimination class action settlement in United States history." *Hartman v. Pompeo*, No. 77-cv-2019, 2020 WL 6445873, at *1, *3 (D.D.C. Nov. 3, 2020). That settlement, memorialized in a consent decree, resulted in more than "1,000 class members each receiv[ing] an average of $460,000." *Id.* The consent decree also provided that the "Plaintiffs shall be entitled to reasonable attorneys' fees, expenses, and costs." *Id.* at *3 (cleaned up).[1]

---

[1] Title VII includes a fee-shifting provision, which entitles prevailing plaintiffs to "a reasonable attorney's fee." *See* 42 U.S.C. § 2000e-5(k). This case's fee, however, is governed by the negotiated settlement.

To determine "reasonable" attorneys' fees, federal courts primarily use the lodestar method. It "*roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar is "presumptively" reasonable because it "includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Id.* at 552-53 (cleaned up). Lodestar "enhancements may be awarded" only "in rare and exceptional circumstances." *Id.* at 552 (cleaned up).

So far, the Plaintiffs have received roughly $35.9 million in attorneys' fees, expenses, and interest, including an enhanced fee for exceptional work performed between 1980 and 1990. *Hartman v. Blinken*, No. 77-cv-2019, 2023 WL 3366204, at *3 (D.D.C. Mar. 31, 2023); *Hartman*, 2020 WL 6445873, at *10 n.9 (citing *Hartman v. Duffey*, 973 F. Supp. 199, 202 (D.D.C. 1997)).

When it came time for a final fee award, the district court "provided a roadmap for the parties' negotiations going forward." *Hartman*, 2023 WL 3366204 at *1; *see Hartman*, 2020 WL 6445873, at *19. In several stipulations, the parties agreed "to (1) increase the lodestar fee by $9 million, (2) 'completely and finally resolve' outstanding issues related to interest, true market value, and delay . . . , and (3) agree to a base lodestar value of $19 million to be used for purposes of any potential motion for enhancement." *Hartman*, 2023 WL 3366204, at *1.

Consistent with that third point of agreement, the Plaintiffs moved for an additional fee enhancement for "superior lawyering . . . from 1990 through the middle of 2001." Appellants' Reply Br. v; *see Hartman*, 2023 WL 3366204, at *2; JA 1233 n.4. The district court denied the motion. *Hartman*, 2023 WL 3366204, at *1, *7. The Plaintiffs appeal.

**II**

We review a district court's determination of a reasonable attorney's fee for abuse of discretion. *Perdue*, 559 U.S. at 558; *Covington v. District of Columbia*, 57 F.3d 1101, 1110 (D.C. Cir. 1995). To meet this standard as applied to attorneys' fees, district courts must "provide a reasonably specific explanation" to enable "adequate appellate review." *Perdue*, 559 U.S. at 558. This requirement reduces the likelihood of "widely disparate awards" that turn on "a judge's subjective opinion." *Id*.

While district courts have discretion to grant fee enhancements above the lodestar, the Supreme Court has cautioned that such enhancements should be awarded only in "rare and exceptional circumstances." *Id.* at 552 (cleaned up). A fee applicant seeking an enhancement beyond the lodestar must show that the "lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee" and "must produce 'specific evidence' that supports the award." *Id.* at 553-54 (quoting *Blum v. Stenson*, 465 U.S. 886, 899 (1984)). For example, a fee enhancement may be appropriate (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value," (2) where "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted," or (3) where "an attorney's

performance involves exceptional delay in the payment of fees." *Id.* at 554-56.[2]

We agree with the district court that exemplars from *Perdue* do not apply here because the Plaintiffs stipulated that any adjustments "related to interest, true market value, and delay" were already included in the lodestar that the Plaintiffs negotiated at arm's length with the Government. *See Hartman*, 2023 WL 3366204, at *1, *4.

With the *Perdue* exemplars out of reach, the Plaintiffs provided the district court with seven factors that the Plaintiffs say the negotiated lodestar failed to consider. However, the district court persuasively explained why none of those factors justified an enhancement — in large part because they were subsumed by the lodestar or unsupported by "specific evidence." Accordingly, the district court did not abuse its discretion.

Resisting that result, the Plaintiffs assert that the district court misinterpreted the parties' stipulations about the final fee award — stipulations that left unresolved the potential for an enhancement. But the district court correctly interpreted those stipulations neither to *promise* an additional enhancement nor to *foreclose* an additional enhancement. Rather, the district court understood the stipulations to contemplate exactly what it gave the parties — an adjudication on the merits of the Plaintiffs' request.

Finally, the fundamental principle that an attorney's fee award should be "'adequate to attract competent counsel'" supports the district court's determination. *See Perdue*, 559 U.S. at 554 (quoting *Blum*, 465 U.S. at 897). As the district court noted, the Plaintiffs attracted "a large law firm and a firm that specializes in damages models without promise that they would receive an enhancement." *Hartman*, 2023 WL 3366204, at *7.

For these reasons, we **AFFIRM** the order of the district court.

---

[2] On appeal, the Plaintiffs object to the district court's reliance on *Perdue*, arguing that D.C. law should apply instead, because the right to an attorney's fee comes from the 2000 consent decree, not a federal fee-shifting statute (the subject in *Perdue*). But federal common law governs the interpretation of the 2000 consent decree, and the district court did not err in considering *Perdue*'s guidance for determining a reasonable attorney's fee. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988) ("obligations to and rights of the United States under its contracts are governed exclusively by federal law"); *E.O.H.C. v. Secretary United States Department of Homeland Security*, 950 F.3d 177, 192 (3d Cir. 2020) ("when the United States is a party to a contract, federal common law governs that contract"). Moreover, the district court did not "hold[ ] that *Perdue* was binding," as the Plaintiffs contend. Appellants' Br. 21. Rather, the court acknowledged that "as a technical matter the fee here is governed by a negotiated settlement, not Title VII's fee-shifting provision." *Hartman*, 2023 WL 3366204, at *3 n.6.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

## Per Curiam

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

4